state. Good morning again. Good morning again. You're quite awake. All right. Well, good morning, Your Honors. Katie Hurlbrink, on behalf of Mr. Ferrari. The district court imposed, enhanced Mr. Ferrari's firearms dealing sentence under 2K2.1b5, finding that he had reason to believe that the buyer was a prohibited possessor or intended unlawful user. But in fact, the buyer was neither. He was an undercover agent with every intention of following the law. Courts across the country have interpreted firearms sales statutes with very similar wording to require both a reasonable belief and that the buyer actually have the prohibited characteristic. So we don't have anything in the Ninth Circuit, right? That's correct. Your Honors, model instruction for – so certainly for the guideline, Your Honors have not interpreted it yet. In terms of the other statutes that I was describing that have very similar wording, Your Honors also haven't interpreted those, but you do have a model instruction for 922D that at least suggests that the instruction committee read the statute in line with the – But the Tenth Circuit instruction specifically has an element that at the time of sale, the person is a convicted felon, and we do not have that element in our model jury instruction. That's correct, Your Honor. You haven't separated it out into a separate element, but you do simply repeat the language from the statute without any further gloss, and there's no reason to suppose that in – Why would that mean that we have that third element when we actually don't? We only have two elements. I agree. The Tenth Circuit, which did the Francis case, has three. I agree. And one of their elements is explicitly that the fact that a person has a reason to believe has to be true, and we don't have that element. Exactly, Your Honor. So I agree with that completely. I agree that your model instruction doesn't answer the question presented. It simply describes the statutory language with no further gloss, but the commentary does suggest a reading in line with Mr. Ferrari's in as much as it says that whether someone is a felon for purposes of 922D is a matter of law, and if it was – clearly places the focus on what a defendant believes to be true and not on what is actually true. And so aren't you asking us to adopt a less plausible reading of the text on its face? No, Your Honor. And I think we can see that from seeing how other courts interpreting materially identical, very, very similar language in other statutes have reacted to it. Which one of those courts gave the most reasoned explanation in your view? So the Seventh Circuit in CREAZA was, I think, had the most analysis of 922A5. But I think it is also just even without a full analysis, it is meaningful that these model instructions committees all came to the same conclusion about 922D. Because at the end of the day, I agree— In the Seventh Circuit case, we don't have the same issues. There, there was a concern about burdening states' traditional power to regulate criminal law. And we don't have that here because this is a sentencing enhancement. And in the particular statute there, 922A5, the have reason to believe was added long after the statute had already been enacted. So you could say, based on that legislative history, that reason to believe was not a requirement that existed before. And we just don't have that because this statute has always had that length. So two answers to that, Your Honor. First of all, you can't say the same about 922D, so that point still stands. But when it just comes to 922A5, despite the fact that, you know, the reasons that the Seventh Circuit gave may not apply here, the fact remains that after a full analysis, the Seventh Circuit concluded that this language was in line with what Mr. Ferrari is arguing. And that still implicates the canon that when laws addressing the same subject use very similar language, we ordinarily read them the same way. That's even more likely to apply to a sentencing guideline because, at the end of the day, these guidelines were developed by the Sentencing Commission to specifically assign an appropriate amount of liability, an appropriate sentence to gun sales. So, I mean, they were inspired by gun sales statutes. So if the Sentencing Commission uses materially identical language to language that is- I'm sorry. Could you rephrase the question, Your Honor? Yeah. You seem to be arguing that a defendant can only have a reason to believe a fact if that fact is, in fact, true. Oh, no, no. So under your reading and interpretation, someone can never have a reason to believe something if that something is not true. That is not our position, Your Honor. Our position is that the full sentence, its best English language meaning, is that it both encompasses a reason to believe and the reality of the situation. So we are not arguing that it is impossible to have a false belief. We're arguing that- But you are. You would never be liable for a false belief because you're making it a requirement that the belief has to be true. Sorry, Your Honor. I thought you meant impossible in terms of is it physically possible to have a false belief. Of course, we believe it is physically possible to have a false belief. Well, let me take you a step further. If we accept your reading- Yes. It could never be an undercover sale to a police agency because the police could never do what? They could never meet that. They could never do that, you're saying. So there could be no undercover buys with a police officer under your interpretation. Two answers to that, Your Honor. First of all, there could because when it comes to 922D, again, a statute that's been interpreted in the same way we're suggesting, police officers have gotten around that requirement by enlisting a confidential informant that has a felony conviction. I'm talking direct to a police officer. Direct to a- It could not. And, I mean, I think you don't have to be new to this to know that using a CRI as opposed to using a police officer, CRIs are confidential with parentheses around it as far as, I mean, they're generally people that are involved in the business and all of that, which is hopefully different than a police officer. Yes. So it is true that this enhancement could never apply to a sale direct to an undercover, but that's the case for 922D and 922A5 as well as interpreted by the vast majority of circuit courts in the United States. And secondly, recall this is a sentencing guideline. So it doesn't prohibit sales to undercover agents. It simply says that if you make that kind of sale, if that kind of sale ends up violating a law, then you don't get a four-level enhancement. And I see I'm close to the end of my time. Let me find out. Does anyone have any additional questions? No, thank you. Okay, so do you- May I ask- Yes, go ahead, and I'll give you two minutes for rebuttal. This is a very quick question. You compare the guidelines language directly to Section 922 of the U.S. Code. Section 933 of the U.S. Code has language that's almost exactly identical. Did you research that statute, and are you aware of any courts of appeals that hold that that statute requires that the results specified actually occurred as opposed to have been understood to have occurred? Your Honor, I did research as far as I could the language of this statute in court cases, and 933, is that what you said, did not pop up. But I can't say that I looked at 933 specifically. Thank you. All right, I'll give you two minutes for rebuttal. Thank you. Thank you. So, and I don't think you're the same AUSA that was with her yesterday. I am not, Your Honor. Okay. I am not. I think that was Mr. Zip or something. It was. So, you're not the Mr. Zip light or whatever. You're yourself, so go ahead. I am, Your Honor. Mr. Zip is the chief down in the Southern District of California, but I am not him. Okay. Good morning, and may it please the court. Andrew Hayden on behalf of the United States. This court should affirm Mr. Ferrari's sentence. The district court did not plainly error in applying the firearm trafficking enhancement. There's nothing about the plain language of Application Note 13 that requires the beliefs to be actually true or allows factual impossibility. So, to stage undercover operations directly with the police, would you agree that if the interpretation that your friend on the other side is urging the court to accept, that the enhancement could not apply to those situations? It could never apply, and that's the problem. Well, I guess that's the problem, but if that's what they meant, then you still wouldn't be prevented from doing undercover buys. You just wouldn't have the enhancement. That's correct, Your Honor, and so you wouldn't have a firearm enhancement, which is why we first go to the plain language, which if you look at it, it's slightly different than 922D and 922A5, but it's reason to believe, not reasonable cause. But it's reason to believe, and the focus appropriately for sentencing is on the defendant and the defendant's intentions, and that's why, although that's not an absolute bar for an operation for an undercover agent, it sort of nullifies the intent of providing the spectrum of custodial exposure. But you could use a CRI, and the officers could be standing by monitoring the CRI, right? Well, you could, Your Honor, but that would only implicate Subsection 1 and not Subsection 2, because if the confidential informant is working with law enforcement, they can never have an unlawful purpose. But if you can get the enhancement under Subsection 1, why does it matter that you can't get it under Subsection 2? Either way, you're getting the same sentencing enhancement. Well, so it narrows the point to the fact that the confidential informant would have to be in a prohibited status. And so it narrows not just that it can't be an undercover agent, but it has to be a confidential informant with a specific prohibited status. But what if we agree with all of those circuit cases that say, like Krauss, that the person should be in the prohibited status? Otherwise, you are burdening states' traditional power to regulate criminal law. So, Your Honor, to answer your question in a few ways, first, we're talking first about the sentencing enhancement, not the other statutes. And so I would like to mention first the standard of review. So when Judge Bacheron is there, she's analyzing the enhancement. No court has interpreted Subsection 2 in the manner in which is being proposed today by Mr. Ferrari. So there can't be error on her part, and it can't be plain. But if the statute uses the same language, knew or had reason to believe, wouldn't it make sense that we would look at interpretations of statutes that have the same language? It would, Your Honor. And to go to your original question, in the pattern instruction 14.11 from this circuit, that extra element doesn't exist. And that's because if you look at 922D, the focus is on the seller of the firearms, not necessarily on factual. So your position is not that we interpret the same language in statutes differently than the same language in sentencing enhancements. Your position is what? Just that other circuits' interpretation is wrong? Or what's your argument? It sounded like you were saying we interpret sentencing enhancements differently than statutes for the same language. Is that your position? No, it's not, Your Honor. Okay. So the position first is you go first to the language, and it's clear. And so I don't think you need interpretive aids. The language in the other statutes is slightly different, although the obvious parallels are there. But if you're Judge Bashon at this sentencing and you've received an objection as to the defendant's mens rea, and none of this analysis, Francis, which was decided in 2018, none of these challenges have been presented to you, and you're interpreting the enhancement and you focus on the mens rea and you interrupt the defendant's allocution to figure out what he meant, what did he believe when he sold these firearms on the other cover, that can't be plain error. But more specifically to your point, Your Honor, if you look at the language and how it's being interpreted elsewhere, if Judge Bashon had even tried to do that, this circuit has never added that additional element. It has never made factual impossibility a bar from a conviction under 922D. So he argued, the defendant, Mr. Ferrari, argued it slightly differently down in front of the district court. Very differently, Your Honor. Yes. But still, any interpretation of the enhancement would be something that we're free to do de novo, correct? Well, the court could, but I think that the standard base, because I think the challenge is so materially different, I do believe that we are in plain error review. The court could choose to do it differently if you saw it that way. But if you look at- Well, if it's interpreting the plain language, we're capable of actually doing that, what you're asking us to do, right? Of course, Your Honor, yes. So, but in terms of what else is out there, I was looking and it looks like, so there's nothing in the Ninth Circuit exactly on point, correct? Correct. Then the Tenth Circuit isn't exactly like ours. No. But then there's- but none of- there was one case I think I saw, most of these were 2018 in that area. The Supreme Court has not weighed in on anything. I think one may have petitioned for cert and cert was denied, but not the exact same issue. Am I right? That sounds right, Your Honor. I'm not familiar with that cert, but I can tell you that most of the cases that were cited by the defense happened in 2015, 2016. Francis from the Tenth Circuit happens in 2018. But if you look at- to Prieto, for example, in the Seventh Circuit, Prieto in 2023 took Francis on directly and said that that didn't make any sense because the plain language of the enhancement was focused on the seller of the firearms. There was nothing about the statute that made the buyer's prohibited status a factual impossibility for conviction under 922d. And so- Prieto doesn't have much analysis, does it? It does not, Your Honor. It has- it has limited analysis, but it highlights some of the facts that are important here in that it's- it implicates whether or not there's a factual impossibility requirement to the enhancement. And it took that on directly and rejected it. And I think that this court, by analogy, could- should do the same and at a minimum decide that Judge Bacheron's decision not to see it sua sponte with no one having raised that in the objection, which brings up sort of an important point, Your Honor. Of course, this court can review the language de novo. But in the reply brief on page 6, note 1, they've conceded that they're not contesting the only thing they litigated in front of Judge Bacheron below. They've said, we're not contesting the mens rea. That was the purpose of their objection to the PSR. That was their objection. Mr. Hayden, does Section 2K2.1 apply to any statutes of conviction other than 18 U.S.C. 922 and its various subsections? Yes, Your Honor. Does it apply to Section 933? Have you looked into that? Your Honor, 933 is relatively new. I think it does apply. I'm nervous to say yes, but I think it does apply. Right. Section 922 was the statute of conviction here, though. And it requires that the defendant have knowledge or a reasonable belief of certain propositions. And they're listed in the various subsections of 922. But all those propositions are stated in the present tense or in the past tense, correct? Is a convicted felon, is under indictment, has been convicted of, does not reside. Those are all the present tense or the past tense, correct? Your Honor, just one small clarification that I think is really important.  He was not convicted under 922D. That's just the most directly comparable statute. Yes, Your Honor. I understand. But as the most directly comparable statute, all of those propositions are stated in the present tense or the past tense? No, Your Honor. I think Sections 10 and 11 talk about intentions. Okay. That's exactly the sort of information. So you think I ought to look at D, 10, and 11 again? I believe so, Your Honor. I believe, I think, 922… A, 10, and 11. No, if you're looking at 922D, Your Honor, I believe Sections 922D, 10, and 11 talk about future intent. And that's another highlight as to why this interpretation can't be right. Because how could anyone ever prove the actual objective reality of future intent unless a crime or the subsequent action has not already occurred? Which is why the focus really needs to be on the knowledge of the seller. Thank you. And unless the Court had other questions, I see that amount of time.  If we were to agree with Francis, then we would have to interpret Subsection 2 consistent with Subsection 1, right? Would there be any basis to construe it differently? I think if you agreed with Francis, I think that you would need to be relatively consistent. But I think that that challenge presents the same thing that I was just talking about with Judge Barker, is that the difference between Subsection 1 and 2 is that the status, the conditions of Subsection 1, that you are prohibited, you are on parole, you are a drug addict at the time, are things that can be factually true in some regard. For example, of prior conviction. But in regards to unlawful purpose, the problem with interpreting the statute that way is the objective reality of future events that may or may not have happened. The only way Subsection 2 would ever apply then in violet is if a crime had then occurred, if law enforcement had not been involved, there had been a sale, then there had been an unlawful purpose that had come to fruition, and then the crime had been detected. And that clearly cannot be the intent of 922d, A5, or any of the other statutes, because if you have someone who's selling firearms and they believe, for example, in this regard, it was brought up in the reply about firearm dealers, if the person selling the firearm, if, for example, an undercover agent hears that a firearm store is willing to sell to anybody, no background checks, doesn't care, anything can happen, they don't care where the firearm happens after that, and an undercover agent goes in and says, I have a felony, I'm addicted to heroin, and I have all of these things, but I heard you don't care about that, and the firearm store sells them a firearm anyway, it doesn't matter, it should not matter, under any interpretation of the language, that the undercover agent was not a felon, was not addicted to heroin, because it's focused on the seller's belief at the time that the culpable conduct occurred. So here the district court said, didn't really worry about the officers, that part of it, and said, hey, you sold these guns in a parking lot, in a car, you know, and so, you know, this is just, that put you on notice that, yeah, I mean, you knew this wasn't okay, essentially, but the district court also did say, you're young and you're not the most mentally sophisticated, and gave some consideration to that in the sentence, correct? Correct. But just said, didn't buy the mens re argument? Correct. So, but she gave the argument credit. She looked at the totality of circumstances. For example, the challenge and the objection, which was on, I think, ER record 68, was that he didn't have the mens re in part because of his ADHD. And so what Judge Bachon, she engaged with Mr. Ferrari himself, she recognized he was young, that he had ADHD, he had these things, and so she discounted, for example, the comments that the agents made to him about the firearms going to Mexico and did not apply that enhancement. But then she engaged with him and said, look, ADHD notwithstanding, the totality of these circumstances, this is in a parking lot, nobody's presenting ID, these things are short-barreled rifles, you're doing this for cash, the totality of this clearly means that they're going to be used for an unlawful purpose. Okay, thank you. Our panel's questions are answered. Thank you. Thank you. We'll give you two minutes for a rebuttal. Thank you. Thank you, Your Honor. So I just want to touch on a couple of things. First of all, it is not true that it is impossible or implausible to prove future intent. Prosecutors do it all the time. That's often what an attempt crime is, is somebody who's taken a substantial step towards something but hasn't actually consummated it. So, for example, in this case, the undercover agents tried to trigger this enhancement by having one of their agents say something to the effect of, these guns are going to be taken up to protect weed grows in Northern California, which is 924C. So clearly that would be – I still think your biggest problem is the text. Why would Congress say reason to believe? Well, so I think the plain meaning is of those words in their grammatical context. Reason to believe doesn't mean true. That's right. Reason to believe – I have a reason to believe Santa Claus exists, but that doesn't necessarily mean he does, right? Reason to believe is not equated with true in my mind. Maybe you can help on that. So I think it's not just the phrase reason to believe. It's the full sentence. It's reason to believe that such conduct would result in the transfer, the entire sentence altogether. What about an aggravated assault statute, hypothetically, that applied if someone assaults another person knowing or with reason to believe that it would cause death? You wouldn't say that that assault statute can only be violated by murder with actually death caused, right? Its focus is on the subjective mental state of the offender, right? I think that's probably right, Your Honor. Right, the fact that you're choking them and then you didn't choke them enough to kill them, you still would. But in fact, I think – so in that case, I think it would still be the same principle because you would be knowing or having reason to believe that that kind of force could cause death. So that kind of – that would actually be true, that that kind of force could cause death. So it would be the same situation here where it's actually true that the person intended to sell the firearm to – or intended to use the firearm unlawfully. And again, Judge Koh, I would just say our primary reason for believing – I understand that your intuitions are that this sentence just focuses on belief, but most of the courts who have confronted materially identical language in 922D and in 922A5 have almost universally come to the opposite conclusion. Well, I'm not expecting you will concede because you don't ever, but on the – in my two days with you. But would you concede – this was a completely different case below. So, Your Honor – And so that being the case, you're – do you have to get de novo review here to win? Your Honor, I think our chances of winning are increased substantially on de novo review. Okay. Well, that's the biggest I'm going to get out of you, I think. I believe so. Okay. But we would just point to Waheed and Hong. Both of those cases make clear that it is claims that are preserved, not arguments. And the arguments in those cases were at least as close as the argument in this case. For example, in Hong, the defendant also objected to an enhancement based on one argument. It was an obstruction, and it was based on this is just a denial of guilt, whereas on appeal they said something – made a different argument. They said, I didn't do it willfully, and also it wasn't sufficiently in connection with the offense. That was considered to be preserved, and this court ruled de novo. The government has never in any brief oral argument – Let me find out if my colleagues have any additional questions. No, thank you. Okay. We've gone over that. But I want to thank both of you for being exceptionally prepared and very helpful in this argument. Thank you. Thank you. All right. This matter will be submitted. We will briefly recess to reconstitute the panel. Judge Koh and I are going to come out with Judge Nguyen for one additional case. Are the parties here for that? Okay. All right. I saw a hand there. And we have another hand on video. So we will be just right back out. All right. Don't go anywhere. All rise. This court is taking a brief recess.
judges: CALLAHAN, KOH, Barker